

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JAMES D. YOUNG<br>5266 Smokey Road<br>Williamsburg, Ohio 45076 | : <br> : <br> : | CASE NO. **1:10CV483** <br> JUDGE **J. BARRETT** |
| Plaintiff | : | |
| vs. | : : : | |
| GANNETT SATELLITE INFORMATION<br>NETWORK, INC.<br>7950 Jones Branch Drive<br>McLean, Virginia 22107 | : <br> : <br> : <br> : <br> : | **PLAINTIFF'S COMPLAINT<br>AND JURY DEMAND** |
| Defendant | : | |

Comes now Plaintiff, by and through counsel, and for his Complaint against Defendant alleges as follows:

1. This is an action for defamation of character. It arises out of false and libelous statements Defendant published about Plaintiff that have caused enormous damage to his reputation, his career, and his mental and emotional well being.

2. Plaintiff James D. Young is a Sergeant in the Miami Township Police Department, and is a resident of this judicial district.

3. Plaintiff is a dedicated and distinguished public servant. He is a highly decorated member of the Miami Township Police Department, and is one of only three members of that department to be nominated for the Medal of Honor.

4. Defendant Gannett Satellite Information Network, Inc. is a Delaware corporation whose principal place of business is in McLean, Virginia.

5. This Court has subject matter jurisdiction over this action because there is diversity of citizenship between the parties, and because the amount of controversy is in excess of $75,000.00.

6. This Court has personal jurisdiction over Defendant because it conducts business in this judicial district.

7. This Court is the proper venue for this action inasmuch as the defamatory statements hereinafter described, giving rise to this action, were published in this judicial district.

8. Defendant is engaged in the business of publishing newspapers, including what are referred to as the "Community Press" newspapers.

9. Among the newspapers published by Defendant is the "Milford-Miami Advertiser," which is distributed in Milford and Miami Township, Ohio.

10. On the front page of the May 26, 2010 issue of said newspaper, an article appeared under the headline "Cop's suspension called best move for city."

11. Plaintiff was not the "cop" referred to in the aforedescribed headline, but appearing within the article, and on the front page of the newspaper, were two paragraphs pertaining to allegations that had been made against Plaintiff in 1997.

12. In February of 1997, Plaintiff was falsely accused by a Marcey Phillips of having sex with her while he was on duty as a police officer for Miami Township.

13. There was absolutely no truth to this accusation. Plaintiff never had sex with Ms. Phillips, of any kind, either on duty or off.

14. In fact, DNA evidence collected during the investigation of Ms. Phillips'

allegations showed that her accusation against Plaintiff was false.

15. No court, arbitrator, or other judicial officer or tribunal ever found that Plaintiff had sex with Ms. Phillips, either on duty or otherwise.

16. In discussing the 1997 allegations, however, Defendant declared in its article, as if it were fact, that "Young had sex with a woman while on the job."

17. To state that a police officer had sex while on duty for the citizens he is sworn to protect, and while being paid by the taxpayers of the community he serves, is a statement that inevitably brings scorn, ridicule, and shame upon the officer, and does incalculable and irreversible damage to his reputation.

18. Defendant's statement to its readers that Plaintiff, while serving as a police officer, "had sex with a woman while on the job," was per se defamatory.

19. Defendant published this false and defamatory statement about Plaintiff with knowledge that it was false, and/or with a reckless disregard for whether it was false.

20. Defendant's article, including its false and defamatory statement that Plaintiff "had sex with a woman while on the job," was subsequently published on numerous websites, including that of the Cincinnati Enquirer, another Gannett newspaper.

21. As a direct and proximate result of Defendant's defamation of his character, Plaintiff has suffered and continues to suffer enormous humiliation, embarrassment, anxiety, mental anguish, emotional distress, and damage to his reputation and career.

WHEREFORE, Plaintiff hereby demands judgment against Defendant as follows:

1. Compensatory and punitive damages in amounts to be determined at trial, but in excess of $75,000.00;

2. His attorney's fees, court costs, and expenses of litigation incurred in the prosecution of this action; and

3. All other and further relief to which he may be entitled.

*[signature]*

Stephen E. Imm
Attorney for Plaintiff
KATZ, GREENBERGER & NORTON LLP
105 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
Telephone: (513) 698-9365
Facsimile: (513) 345-2594
Email:sei@kgnlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

*[signature]*

Stephen E. Imm

271873