UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES D. YOUNG | : | CASE NO. 1:10CV483 |
| | : | |
| Plaintiff | : | JUDGE MICHAEL R. BARRETT |
| | : | |
| v. | : | |
| | : | |
| GANNETT SATELLITE | : | JOINT FINAL |
| INFORMATION NETWORK, INC. | : | PRE-TRIAL ORDER |
| | : | |
| Defendant | : | |

This action came before the Court for a final pretrial conference held on November 15, 2011 at 9:30 a.m., pursuant to Rule 16, Federal Rules of Civil Procedure.

**I.   APPEARANCES:**

PLAINTIFF:
Stephen E. Imm (0040068)
Katz, Greenberger & Norton LLP
105 E. Fourth St., Ste. 400
Cincinnati, Ohio 45202
Telephone: (513) 698-9365
Email: sei@kgnlaw.com

DEFENDANT:
Steven P. Goodin (0071713)
John C. Greiner (0005551)
Graydon Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
Telephone: (513) 621-6464
Email: sgoodin@graydon.com

**II.   NATURE OF ACTION AND JURISDICTION:**

A.   This is an action brought by Plaintiff for defamation of character.

      B.      The jurisdiction of the Court is invoked under Title 28, United States Code, Section 1332.

      C.      The jurisdiction of the Court is not disputed.

## III. TRIAL INFORMATION:

      A.      The estimated length of trial is four (4) days.

      B.      Trial to a jury has been set for December 19, 2011, pursuant to the General Order on Trial Assignment.

      C.      Three sets of each party's exhibits shall be delivered to Chambers at least three (3) days prior to the start of trial; this includes one original and two copies.

## IV. AGREED STATEMENTS AND LISTS:

      A.      General Nature Of The Claims Of The Parties:

            (1)      PLAINTIFF'S CLAIMS:

            Plaintiff claims that Defendant libeled him in an article it published on May 26, 2010 in the "Milford-Miami Advertiser," and re-published on the internet.

            (2)      DEFENDANT'S CLAIMS:

            No counterclaims have been asserted.

      B.      Pending Motions/Motions in Limine:

            1.      Defendant's Motion for Summary Judgment is pending at this time. It has been fully briefed.

            2.      Plaintiff at this time does not anticipate filing Motions in Limine, but reserves the right to do so.

            3.      Defendant at this time does not anticipate filing Motions in Limine, but reserves the right to do so.

C.  Uncontroverted Facts:

The following facts are established by admissions in the pleadings or by stipulations of counsel.

1. Plaintiff James D. Young is a Sergeant in the Miami Township Police Department.

2. Defendant is engaged in the business of publishing newspapers, including what are referred to as the "Community Press" newspapers.

3. Among the newspapers published by Defendant is the "Milford-Miami Advertiser," which is distributed in Milford and Miami Township, Ohio.

4. On the front page of the May 26, 2010 issue of the Milford-Miami Advertiser, an article appeared under the headline "Cop's suspension called best move for City."

5. Plaintiff was not the "cop" referred to in the headline, but appearing within the article, and on the front page of the newspaper, were two paragraphs pertaining to allegations that had been made against Plaintiff in 1997.

5. In discussing the 1997 allegations, Defendant stated that "Young had sex with a woman while on the job."

6. The aforesaid article was republished in other Gannett-owned publications, including the internet version of the Cincinnati Enquirer.

D.  Contested Issues of Fact and Law

1. Contested Issues of Fact:  The contested issues of fact remaining for decision are:

   a. Whether Defendant's statement that "Young had sex with a woman while on the job" was true or substantially true.

   b. Whether Defendant published its statement about Plaintiff with actual malice:

3

                i.) Whether Defendant published the statement despite possessing knowledge that it was false;

                ii.) Whether Defendant published its statement about Plaintiff with a reckless disregard for whether it was false;

                iii.) Whether Defendant entertained serious doubts as to the truth of its statement about Plaintiff.

        c. If Defendant's statement about Plaintiff is found to be false and defamatory, whether he suffered only "incremental harm" as a result of the statement.

        d. The amount of compensatory damages, if any, to be awarded to Plaintiff.

        e. The amount of punitive damages, if any, to be awarded to Plaintiff. (See Contested Issue of Law "e".)

        f. In the event Defendant is found liable for punitive damages, whether it should also be liable for Plaintiff's attorney fees. (See Contested Issue of Law "d".)

    2. <u>Contested Issues of Law</u>: The contested issues of law, in addition to those implicit in the foregoing issues of facts, are:

        a. Whether Ohio recognizes a "neutral reportage" privilege.

        b. Whether Defendant's statement about Plaintiff constituted a "fair report" of the contents of the available record.

        c. Whether Defendant's statement about Plaintiff is reasonably subject to an "innocent construction."

        d. Whether Defendant's claimed liability for Plaintiff's attorney fees is determined by the Court or the jury.

        e. Whether Plaintiff's claim for punitive damages should be determined in a bifurcated proceeding.

E. <u>Witnesses</u>

      1.      In the absence of reasonable notice to opposing counsel to the contrary, Plaintiff will call, or will have available at the trial:

           James D. Young
           Kendra Young
           Amber Young
           Ashley Price
           Al Fatute
           Fred Fatute
           Michael Ray
           Tim Mulvihill
           Theresa Herron (as on Cross-Examination)
           Kellie Geist (as on Cross-Examination)
           Mary Wolff

      2.      In the absence of reasonable notice to opposing counsel to the contrary, Defendant will call, or will have available at the trial:

           Theresa Herron
           Kellie Geist
           Marc Emral
           R. Steven Bailey
           David Duckworth

      3.      There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

F.      <u>Expert Witnesses</u>

      Not applicable.

G.      <u>Exhibits</u>

      Appendix A- Joint Exhibits.  (The parties stipulate to the admissibility of items identified as "Joint Exhibits.")

H.      <u>Depositions</u>

      At this time, neither party anticipates offering the testimony of any witnesses by way of deposition.  Each party reserves the right to do so, however, in the event it is determined that any witness is unavailable to testify in person at trial.

      I.      <u>Completion of Discovery</u>

      Discovery has been completed.

      J.      <u>Miscellaneous Orders</u>

      None at this time.

**V.**    **MODIFICATION:**

This Final Pretrial Order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

**VI.**    **SETTLEMENT EFFORTS:**

To this point, the parties have not engaged in any settlement discussions.

                                                            **IT IS SO ORDERED.**

                                                             */s/ Michael R. Barrett*
                                                            MICHAEL R. BARRETT
                                                            United States District Judge

/s/ *Stephen E. Imm*
Stephen E. Imm (0040068)
Counsel for Plaintiff
Katz, Greenberger & Norton LLP
105 E. Fourth St., Ste. 400
Cincinnati, Ohio 45202
Telephone: (513) 698-9365

/s/ *John C. Greiner*
John C. Greiner (0005551)
Steven P. Goodin (0071713)
Counsel for Defendant

Graydon Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio  45202
Telephone:  (513) 621-6464

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES D. YOUNG** | : | **CASE NO.  1:10CV483** |
| | : | |
| **Plaintiff** | : | **JUDGE MICHAEL R. BARRETT** |
| | : | |
| v. | : | |
| | : | |
| **GANNETT SATELLITE** | : | **JOINT EXHIBIT LIST** |
| **INFORMATION NETWORK, INC.** | : | |
| | : | |
| **Defendant** | : | |

| Exhibit No. | Date Offered | Admitted | Bates # | Date | Description |
|---|---|---|---|---|---|
| JX1 | | | | 5/26/10 | May 26, 2010 edition of Milford-Miami Advertiser |
| JX2 | | | | 5/26/10 | Article headlined, "Cop's suspension called best move for City" |
| JX3 | | | | Various | Defendant's binder of documents concerning 1997 allegations against Plaintiff, and associated legal proceedings |
| JX4 | | | | Various | Collection of web pages reflecting re-publication of May 26, 2010 article |
| JX5 | | | | Various | Records of Miami Valley Regional Crime Laboratory concerning DNA testing conducted on Plaintiff and items belonging to Marcey Phillips |
| JX6 | | | | N/A | Defendant's Standards of |

7

|  |  |  |  |  | Conduct |
|---|---|---|---|---|---|
| JX7 |  |  |  | N/A | Defendant's Answers to Plaintiff's First Set of Interrogatories |

292677